IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


LIEBERT CORPORATION, an Ohio            )
corporation and ZONATHERM              )
PRODUCTS, INC., an Illinois             )
corporation,                            )
                                        )
              Plaintiffs,               )
                                        )
      v.                                )      No. 05 C 2069
                                        )
JOHN MAZUR and AERICO, INC.,            )
an Illinois corporation,                )
                                        )
              Defendants.               )


**MEMORANDUM OPINION AND ORDER**


     Plaintiffs already had a case pending in the Chancery

Division of the Circuit Court of Cook County, Illinois (the

"Chancery Case"), in which they alleged violations of the

Illinois Trade Secrets Act (765 ILCS 1065) and related common law

counts, when they filed a parallel federal case (the "First

Federal Case") based on essentially the same facts and conduct

but alleging a violation of the federal Computer Fraud and Abuse

Act ("CFAA"), 18 U.S.C. § 1030.  On defendants' motion, this

court applied the Colorado River doctrine, effectively staying

the First Federal Case by dismissing it without prejudice to

reinstate after the completion of the Chancery Case in the event

anything remained to be litigated regarding the CFAA claim. See
Liebert Corp. v. Mazur, 2004 WL 2095666 (N.D. Ill. Sept. 17,
2004) ("Liebert I"). As was noted in the decision, it was
unlikely that the CFAA claim would be reinstated after completion
of the Chancery Case because, at such a point, principles of res
judicata and claim splitting would likely preclude further
pursuit of the CFAA claim. See id. at *2. The expectation was
that plaintiffs would either amend the Chancery Case to add the
CFAA claim or decide not to raise the CFAA claim in the state
case. However, no order was entered requiring that plaintiffs
take either action and any such order would have been
inappropriate.

Approximately six months after the First Federal Case was
dismissed, plaintiffs filed a separate action in state court
again raising the CFAA claim (the "Law Case"). This case was
also filed in the Circuit Court of Cook County, Illinois, but in
the Law Division. Plaintiffs contend they could not file the
second case in the Chancery Division because they were not
seeking injunctive relief, only damages.[1] Plaintiffs, though, do
not dispute that, assuming a motion to amend would be granted,

_____

[1]Although the body of the Law Case complaint contains
allegations referencing injunctive relief, the request for relief
does not request any such relief. Plaintiffs represent that the
injunctive allegations in the body of the complaint were a
scrivener's error. Defendants speculate that the scrivener's
error was in the request for relief. Since plaintiffs are the
masters of their complaint, their representation will be
accepted. The Law Case complaint is construed as not requesting
equitable relief.

they could have raised the CFAA claim in the Chancery Division simply by moving to amend the Chancery Case to add the CFAA claim. The parties also apparently agree that a motion to consolidate the Law Case with the Chancery Case would likely be granted.

Plaintiffs could have simplified matters by amending the Chancery Case to add the CFAA claims, but instead chose to file a separate case in the Law Division. Defendants still could have moved to consolidate the two cases, but instead chose to compound matters by removing the Law Case to federal court. It is this "Second Federal Case" (the removed Law Case) that is presently pending in this court. Before this court are defendants' motion to dismiss the case with prejudice and plaintiffs' motion for remand.

At the time the present motions were presented, the court suggested that the parties attempt to resolve this matter by agreement. The parties, however, could not reach agreement. Plaintiffs proposed agreeing to remand the case so that defendants could move to consolidate. Defendants proposed agreeing to stay further litigation of the CFAA claim. No agreement was reached.

Relying on Fed. R. Civ. P. 41(b), which permits dismissals for failure to comply with an order of court, defendants contend the Second Federal Case should be dismissed because plaintiffs violated Liebert I when they filed the Law Case as a separate case in the Law Division. As previously

stated, though, Liebert I did not prohibit plaintiffs from filing

a separate CFAA case. Liebert I assumed that any CFAA claim

brought in state court would be as part of the Chancery Case, but

no order required that to be done. Defendants' motion will be

denied.

Plaintiffs contend the case should be remanded because it

has already been held in Liebert I that, to avoid duplicative

proceedings, the CFAA claims should not proceed in federal court.

The remand of removed cases is governed by statute. The removal

statutes presently include the following provision:

> A motion to remand the case on the basis of
> any defect other than lack of subject matter
> jurisdiction must be made within 30 days after
> the filing of the notice of removal under section
> 1446(a). If at any time before final judgment it
> appears that the district court lacks subject
> matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

At one point, the Supreme Court had held that remands are

limited to grounds authorized by § 1447(c), which were defects in

removal procedure and lack of subject matter jurisdiction. See

Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336 (1976).

In a subsequent case, however, the Supreme Court held that a

ground not falling under § 1447(c) could be a basis for a remand,

in that case, remanding the case when only pendent state law

claims remained. See Carnegie-Mellon University v. Cohill, 484

U.S. 343 (1988). See also Rothner v. City of Chicago, 879 F.2d

1402, 1405-07 (7th Cir. 1989). It is now clear that grounds

other than ones referenced in § 1447(c) may be a basis for

remand. <u>Rothner</u>, <u>supra</u>.

Following <u>Thermtron</u>, but before <u>Carnegie-Mellon</u>, the

Seventh Circuit had held that abstention is not an appropriate

ground for remand because it is not a ground included under

§ 1447(c). <u>Ryan v. State Board of Elections</u>, 661 F.2d 1130, 1133

(7th Cir. 1981). In <u>Rothner</u>, however, the Seventh Circuit

recognized that, subsequent to <u>Ryan</u>, <u>Carnegie-Mellon</u> had

broadened the possible grounds for a remand. <u>Rothner</u>, 879 F.2d

at 1406, 1410. <u>See also</u> <u>id.</u> at 1421 n.1 (Easterbrook, J.,

dissenting). <u>Rothner</u> itself did not involve abstention and

<u>Rothner</u> did not directly state that the abstention holding of

<u>Ryan</u> was no longer controlling law in light of <u>Carnegie-Mellon</u>.

However <u>Rothner</u> does favorably discuss the holding in <u>Corcoran v.</u>

<u>Ardra Insurance Co.</u>, 842 F.2d 31 (2d Cir. 1988), that abstention

may be an appropriate non-1447(c) ground for a remand.

> As we know from <u>Carnegie-Mellon</u>, § 1447(c) does
> not contain all of the permissible grounds for
> remand. Courts often supplement statutory rules
> with judge-made rules. For example, courts have
> applied the doctrines of laches and estoppel to
> shorten or enlarge statutory limitation periods.
> Courts have applied contract principles to
> enforce private agreements that bypass a
> statutory rule. In the context of removal,
> courts have applied contract principles to
> enforce forum-selection clauses and thus remand
> on non-statutory grounds, <u>Clorox Co. v. United</u>
> <u>States District Court</u>, 779 F.2d 517 (9th Cir.
> 1985); <u>Pelleport Investors v. Budco Quality</u>
> <u>Theatres, Inc.</u>, 741 F.2d 273 (9th Cir. 1984); and
> have applied the doctrines of pendent
> jurisdiction and abstention to allow remands
> where all of the statutory requirements for
> removal have been satisfied, <u>Carnegie-Mellon</u>;

- 5 -

> Corcoran v. Ardra Insurance Co., 842 F.2d 31 (2d
> Cir. 1988). The authority for such remands
> derives not from the removal statutes but from
> the common law. As indicated by Carnegie-Mellon
> and Corcoran, the values of judicial economy,
> fairness, convenience and comity justify
> supplementation of statutory rules with common
> law doctrines. Carnegie-Mellon, 108 S. Ct.
> at 619-20 and n.7; Corcoran, 842 F.2d at 36.

Rothner, 879 F.2d at 1416. But see id. at 1421 n.1 (Easterbrook,

J., dissenting) ("The district judge in Ryan had remanded a case

on the ground of abstention. It didn't take much effort to

jettison that, and the holding (as opposed to the rationale) that

you can't 'abstain' by remanding a case doubtless survives

Carnegie-Mellon.").

Subsequent to Corcoran and Rothner, both before and after

the 1996 amendment to § 1447(c), cases have generally held that

abstention may be an appropriate basis for remanding a case. See

Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal

Practice & Procedure § 3739 at 505-08 & n.99 (3d ed. 1998); id.

2005 Supp. at 163 & nn. 98.1, 99, & 99.1. Also, the language of

§ 1447(c) that has been in effect since 1996 may itself encompass

abstention in that it refers to "any defect other than lack of

subject matter jurisdiction." Previously the language was "any

defect in removal procedure" and before that, "removed

improvidently." The current "any defect" language is broad

enough to include remands based on abstention doctrines. See

Cook v. Wikler, 320 F.3d 431, 434-35 (3d Cir. 2003); Levin v.

Tiber Holding Co., 1999 WL 649002 *3-4 (S.D.N.Y. Aug. 25, 1999);

David D. Siegel, Commentary on 1996 Revision of Section 1447(c), 28 U.S.C.A. § 1447(c) (West. Supp. 2004).[2]  But see Snapper, Inc. v. Redan, 171 F.3d 1249, 1252-60 (11th Cir. 1999).  In light of Carnegie-Mellon and the 1996 amendment to § 1447(c), it is held that Ryan is no longer controlling in this Circuit.  The majority view will be followed that when adequate grounds for abstention exist, including Colorado River abstention, the remand of a removed case is appropriate.

In Liebert I, it was already held that it is appropriate to apply Colorado River and defer to the state court proceedings regarding the CFAA claim.  Since Liebert I already provides a basis for reinstating the CFAA claim in the event that further federal proceedings are appropriate, there is certainly no need to stay the present case or dismiss it with leave to reinstate.  Instead, the present case will be remanded to the Circuit Court of Cook County, Illinois, Law Division.  It will be left to the parties to move for consolidation if they so desire and the state court to rule on any such motion that may be brought.

Defendants could have avoided this improvident removal by examining the case law regarding abstention and remands.[3]  They

---

[2]To the extent abstention falls under the definition of any defect, arguably a remand motion based on abstention must be brought within 30 days after removal.  See Levin, supra; Siegel, supra.  Such an interpretation would not be a problem in the present case because plaintiffs' motion for a remand was brought within 30 days of removal.

[3]It is noted that, although there is a substantial body of case law addressing the issue of remands based on abstention,

also could have avoided it by simply moving for consolidation in the state court. However, plaintiffs also could have avoided the possibility of again having parallel proceedings by the expedient of moving to amend their Chancery Case complaint instead of filing a separate state court action. Since both parties are at fault, plaintiffs will not be awarded their costs of removal.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [6] is denied. Plaintiffs' motion for remand [8] is granted. Each party shall bear its own costs of removal. The Clerk of the Court is directed to remand this case to the Circuit Court of Cook County, Illinois, Law Division.

ENTER:

_William T. Hart_

UNITED STATES DISTRICT JUDGE

DATED: JUNE 6 , 2005

---

neither plaintiffs nor defendants cited a single case on the issue.